IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HORTON,

      Plaintiff,

v.                                                        No. 1:22-cv-00316-JCH-SCY

NAVAJO TECHNICAL UNIVERSITY and
LUCAS B. BABYCOS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objections to United States Magistrate Judge Steven C. Yarbrough's Order to Show Cause, Doc. 7, filed June 1, 2022 ("Objections"). Judge Yarbrough notified Plaintiff, who is proceeding *pro se*, that: (i) it appears that the Court lacks jurisdiction over Plaintiff's claims against Defendant Navajo Technical University ("NTU"); (ii) it appears that the Court should stay proceedings against Defendant Babycos due to an arbitration provision in the contract between Plaintiff and Defendant Babycos; and (iii) Plaintiff failed to state a civil RICO claim. *See* Doc. 6, filed May 12, 2022 ("Order"). Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss the claims against NTU for lack of jurisdiction and to show cause why the Court should not stay the proceedings against Defendant Babycos.

      Plaintiff objected to Judge Yarbrough's Order stating:

> IV. Ordinarily, this court should not act as an attorney for either party but should allow the parties to raise the issues which the parties believe will be most favorable to their case.

> V. It is not appropriate for this court to act as the paid or unpaid counsel for the defendants by raising issues which might be raised by the defendant's attorneys.  As long as the plaintiff's complaint meets the "notice" requirements of the Federal Rules of Civil Procedure, the court is simply acting in a ministerial role to docket the complaint so that it can be served on the defendants so they can answer it.  The plaintiff should not be put in the position of having a mini-trial with the court acting as the defendants' counsel of the sufficiency of the plaintiff's complaint.

Objections at 7.

The Court has an obligation and the authority to raise and address the issues in Judge Yarbrough's Order to Show Cause.  *See* Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment (stating the court has an affirmative duty "to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay"); *Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

**Background**

In March 2020, Plaintiff entered into an employment contract with Defendant Navajo Technical University which provided Plaintiff with a faculty/staff apartment.  *See* Complaint Plaintiff's Complaint for Breach of Contracts and Civil RICO at 3, ¶ 7, Doc. 1, filed April 26, 2022 ("Complaint").  Plaintiff alleges that Defendant NTU: (i) subjected Plaintiff to "a two week quarantine and false imprisonment in his apartment which was not part of the contract;" (ii) authorized Plaintiff "one meal per day from the NTU cafeteria which was to be delivered by the NTU Police Department [but] was either never provided or came at [various] times throughout the

2

morning and afternoon;" (iii) allowed "dozens of feral and faculty/staff owned dogs ... to run wild on campus and attack pedestrians;" (iv) "faculty/staff never removed the dog feces which was allowed to desiccate, pulverize and then blow into the wind forcing the plaintiff to breath the dog feces;" and (v) "breach[ed] the plaintiff's employment contract and fired the plaintiff to save money [because no classes were in session] under the pretext that the plaintiff had complained about being attacked by the campus dog population and the plaintiff not receiving at all his one meal per day or receiving the one meal per day at sporadic times." Complaint at 3-4, ¶ 7. Plaintiff retained Defendant Babycos, an attorney, "to bring a cause of action against the defendant NTU ... for breach of contract and related issues and to pursue the matter to final judgment or settlement." Complaint at 5, ¶ 8.

**Plaintiff's Claims against Defendant Navajo Technical University**

Plaintiff, who is proceeding *pro se*, asserts the following claims against Defendant NTU: (i) breach of the employment contract; (ii) "false imprisonment by requiring the plaintiff to stay locked in his apartment 24/7 for 2 weeks;" (iii) "fraudulent inducement to have the plaintiff travel at his own expense from Oklahoma to New Mexico when the defendant NTU was in the process of shutting down the NTU campus due to COVID;" and (iv) "civil RICO by bribing or otherwise influencing defendant Babycos to drop the plaintiff as a retained client in his breach of employment contract suit against the defendant NTU." Complaint at 6-7, ¶ 9.

Judge Yarbrough notified Plaintiff that:

It does not appear that the Court has jurisdiction over Plaintiff's claims against Defendant NTU which "is a tribal institution of higher education." Complaint at 2, ¶ 4.

> As sovereign powers, Indian tribes are immune from suit absent congressional abrogation or clear waiver by the tribe. *Kiowa Tribe,* 523 U.S. at 753, 118 S.Ct. 1700. "Tribal immunity extends to subdivisions of a tribe, and even bars suits arising from a tribe's

> commercial activities." *Native Am. Distrib. v. Seneca–Cayuga Tobacco Co.,* 546 F.3d 1288, 1292 (10th Cir.2008) (citing *Kiowa Tribe,* 523 U.S. at 759, 118 S.Ct. 1700).
>
> *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1148 (10th Cir. 2012). The employment contract between Plaintiff and Defendant NTU states: "Nothing in this Employment Contract shall be deemed to constitute a waiver, express or implied, of the sovereign immunity of the Navajo Nation applicable to the University as the Navajo Nation's wholly owned university." Complaint at 11, ¶ 12. There are no allegations in the Complaint indicating that Congress abrogated the Navajo Nation's sovereign immunity from suits such as this action.

Order at 3-4, Doc. 6, filed May 12, 2022 ("Order"). Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss the claims against Defendant Navajo Technical University for lack of jurisdiction and, if Plaintiff asserts that the Court has jurisdiction over his claims against Defendant Navajo Technical University, to file an amended complaint that alleges facts supporting jurisdiction. *See* Order at 7 (notifying Plaintiff that "Failure to timely show cause and file an amended complaint may result in dismissal of this case").

Plaintiff filed Objections to Judge Yarbrough's Order but did not file an amended complaint. Plaintiff discusses at length federal law relating to Indians and Indian Tribes. *See* Objections at 2-19. Plaintiff argues that the "Tribe and Babycos are accountable under Civil RICO" and it "was never the intent of Congress for tribes to be allowed to engage in RICO and to use their sovereign immunity to protect the RICO criminal enterprise." Objections at 2, 22. Plaintiff has not shown that the Court has jurisdiction over his claims against NTU. "A waiver of tribal sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Alabama-Quassarte Tribal Town v. United States*, 899 F.3d 1121, 1124 (10th Cir. 2018) (quoting *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).

Plaintiff also argues that "[s]overeign immunity of the tribe does not apply to individual university administrator's [sic] acting in their individual capacity acting outside of the scope of

4

their employment and the law." Objections at 22. The Complaint does not name any individual university administrators as Defendants and Plaintiff has not filed an amended complaint as ordered by Judge Yarbrough.

The Court dismisses Plaintiff's claims against Defendant Navajo Technical University without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**Plaintiff's Claims against Defendant Babycos**

In May 2020, Plaintiff entered into a contract with Defendant Babycos, an attorney, "to bring a cause of action against the defendant NTU ... for breach of contract and related issues and to pursue the matter to final judgment or settlement." Complaint at 5, ¶ 8. Plaintiff alleges that Defendant Babycos "does not appear to have ever pursued the matter past the initial filing stage." Complaint at 6, ¶ 8. Plaintiff also alleges:

> Defendants Babycos and NTU appear to have entered into a RICO conspiracy whereby Babycos would "slow walk" this case through the tribal or other court system of competent jurisdiction in the hope of running out the statute of limitations in favor of NTU in exchange for which NTU would pay Babycos a bribe.

Complaint at 6, ¶ 8.

Plaintiff asserts the following claims against Defendant Babycos: (i) "breach of the attorney retainer contract between the plaintiff and defendant Babycos;" and (ii) "civil RICO for accepting bribes or other valuable consideration from defendant NTU so that defendant Babycos would drop the plaintiff as a retained client in his breach of employment contract suit against the defendant NTU." Complaint at 7, ¶ 10.

5

The attorney retainer contract between Plaintiff and Defendant Babycos, which Plaintiff attached to his Complaint, states: "If a dispute arises between the Firm and Client regarding ... the services provided in the engagement, the parties agree to resolve that dispute through mediation followed by arbitration through AAA."  Complaint at 14, ¶ 12.  The Complaint does not indicate whether Plaintiff and Defendant Babycos attempted to resolve Plaintiff's dispute through mediation and arbitration.

Judge Yarbrough notified Plaintiff:

It appears that a stay of proceedings on Plaintiff's claims against Defendant Babycos may be warranted to save time and effort for the Court and the Parties and to conform to the Parties' arbitration agreement in the attorney retainer contract between Plaintiff and Defendant Babycos, which may be subject to the Federal Arbitration Act ("FAA").

> [The] "'principal purpose' [of the FAA] ... is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011) (alteration in original) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)). "This purpose is readily apparent from the FAA's text." *Id.* And it "reflects the overarching principle that arbitration is a matter of contract." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233, 133 S.Ct. 2304, 186 L.Ed.2d 417 (2013). Moreover, part of the parties' arbitration contract is their "bargain[ ] for the arbitrator's construction of their agreement." *Oxford Health Plans*, 569 U.S. at 569, 133 S.Ct. 2064 (quoting *E. Associated Coal Corp. v. United Mine Workers*, 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000)). In striking that bargain, the parties "trade[ ] the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).

*Mid Atlantic Capital Corp. v. Bien*, 956 F.3d 1182, 1192-93 (10th Cir. 2020).  The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. While no party in this case has filed a motion to stay proceedings pursuant to the FAA, the Court has inherent power to stay proceedings to control its docket, conserve judicial resources, and provide for just determination of cases pending before it. *See Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[i]t is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants").

Order at 5-6. Judge Yarbrough ordered Plaintiff to show cause why the Court should not stay proceedings on Plaintiff's claims against Defendant Babycos and, if Plaintiff asserts that proceedings on Plaintiff's claims against Defendant Babycos should not be stayed, to file an amended complaint alleging facts supporting Plaintiff's assertion that the proceedings on Plaintiff's claims against Defendant Babycos should not be stayed. *See* Order at 8 (notifying Plaintiff that "Failure to timely show cause and file an amended complaint may result in the Court staying the proceedings on Plaintiff's claims against Defendant Babycos").

Plaintiff did not object to Judge Yarbrough's Order to show cause why the Court should not stay the proceedings on Plaintiff's claims against Defendant Babycos, did not show cause why the Court should not stay the proceedings, and did not file an amended complaint. It has been approximately four months since Judge Yarbrough raised the issue of staying proceedings to allow for mediation and arbitration. The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims against Defendant Babycos due to the arbitration clause in Plaintiff's employment contract and due to Plaintiff's failure to comply with Judge Yarbrough's Order

7

regarding Plaintiff's claims against Defendant Babycos.  If Plaintiff asserts that the Court should not dismiss Plaintiff's claims against Defendant Babycos, Plaintiff must file an amended complaint containing factual allegations supporting his reasons opposing dismissal including allegations describing how and when Plaintiff brought the dispute to Defendant Babycos' attention and Plaintiff's efforts to pursue mediation and/or arbitration.

**Plaintiff's RICO Claims**

Plaintiff asserted a "civil RICO" claim against Defendant Babycos "for accepting bribes and other valuable consideration from defendant NTU so that defendant Babycos would drop the plaintiff as a retained client in his breach of employment contract suit against the defendant NTU." Complaint at 7.  Judge Yarbrough notified Plaintiff:

> The Complaint fails to state a claim for a civil remedy pursuant to the Racketeer Influenced and Corrupt Organizations statutes.
>
>> To bring a civil RICO claim, a plaintiff must allege that he was "injured in his business or property" by the RICO violation. *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). A RICO violation requires: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* (footnote omitted). A pattern of racketeering activity requires at least two acts of racketeering activity. *See* 18 U.S.C. § 1961(5). The RICO statute lists a number of crimes that constitute racketeering activity. *See id.* § 1961(1).
>
> *Dummar v. Lummis*, 543 F.3d 614, 620-21 (10th Cir. 2008).  Plaintiff has not alleged that he was injured in his business or property.  *See* 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of the chapter may sue ... and recover threefold the damages he sustains and the cost of the suit").  Nor has Plaintiff alleged a pattern of racketeering activity.

Order at 5-6.

The Court dismisses Plaintiff's civil RICO claim against Defendant Babycos without prejudice for failure to state a claim upon which relief can be granted.  Judge Yarbrough notified Plaintiff that the Complaint failed to state a civil RICO claim against Defendant Babycos.  Plaintiff

8

did not address the civil RICO claim in his Objections to Judge Yarbrough's Order and has not filed an amended complaint.

**Plaintiff's Motion to Strike and for Sanctions**

On July 18, 2022, Judge Yarbrough's chambers received an email from Billy Horton which says, among other things, that Billy Horton is Plaintiff's brother. *See* Doc. 8, filed July 21, 2022. Plaintiff filed a motion asking the Court to: (i) strike Billy Horton's improper filing; (ii) declare Billy Horton an improper intervenor in this case; (iii) sanction Billy Horton for his improper intervention; and (iv) direct Billy Horton to disclose to the Court who is directing him to intervene in this case. *See* Plaintiff's Motion to Strike and for Sanctions Against Improper Intervenor Billy Horton, Doc. 9, filed July 29, 2022.

The Court denies Plaintiff's Motion to strike and for sanctions. Billy Horton did not improperly file any documents; he sent an email to Judge Yarbrough's chambers. Judge Yarbrough filed the email to notify all Parties of the written communication sent to chambers because it appeared to be related to this case. Furthermore, the email does not indicate that Billy Horton seeks to intervene in this case.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

9

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's claims against Defendant Navajo Technical University are **DISMISSED without prejudice.**

(ii) Plaintiff shall, within 14 days of entry of this Order, (i) show cause why the Court should not dismiss Plaintiff's claims against Defendant Babycos, and (ii) file an amended complaint.  Failure to timely show cause and file and amended complaint may result in dismissal of those claims.

(iii) Plaintiff's civil RICO claim against Defendant Babycos is **DISMISSED without prejudice.**

(iv) Plaintiff's Motion to Strike and for Sanctions Against Improper Intervenor Billy Horton, Doc. 9, filed July 29, 2022, is **DENIED.**

                                                SENIOR UNITED STATES DISTRICT JUDGE